UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL MCGORE,

    Plaintiff,

                                                                             Case No. 09-13031
v.                                                              Hon. Lawrence P. Zatkoff

OFFICER LUTZ and
SERGEANT GREBOWSKI,

    Defendants.

_____/

**OPINION AND ORDER DENYING APPLICATION TO PROCEED WITHOUT
PREPAYMENT OF FEES AND COSTS AND DISMISSING COMPLAINT**

**I. INTRODUCTION**

Plaintiff Darryl McGore ("Plaintiff"), a state prisoner currently confined at the Oaks Correctional Facility in Eastlake, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, as well as an application to proceed without prepayment of fees and costs so that he may proceed without prepayment of the $350.00 filing fee for this case. *See* 28 U.S.C. § 1915(a)(1).

The actions giving rise to Plaintiff's complaint occurred while he was incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan, in 2007 and 2008. Plaintiff names Corrections Officer Lutz and Sergeant Grebowski as the defendants in this action. Plaintiff alleges that he was threatened by another inmate in December 2007 and that Sergeant Grebowski failed to move him from his cell. Plaintiff alleges that Officer Lutz verbally harassed him in March, April, and May 2008. Plaintiff alleges a violation of his constitutional rights and seeks monetary damages. For the reasons stated, the Court denies Plaintiff's application to proceed without prepayment of fees and

costs and dismisses his complaint without prejudice pursuant to 28 U.S.C. § 1915(g).

## II. DISCUSSION

Under the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), a prisoner may be precluded from proceeding without prepayment of the filing fee in a civil action under certain circumstances. The statute states, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In short, the "three strikes" provision requires the Court to dismiss a civil case where a prisoner seeks to proceed without prepayment of the filing fee if, on three or more previous occasions, a federal court has dismissed that prisoner's action because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. *Id.*; *see also Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)").

Plaintiff is a prolific litigator in federal court. The Court's records reveal that Plaintiff has filed more than three prior civil actions which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See, e.g.*, *McGore v. Mich. Supreme Court Judges*, No. 1:94-cv-00517 (W.D. Mich. Jan. 25, 1995); *McGore v. Nardi*, No. 2:93-cv-00137 (W.D. Mich. Aug. 2, 1993); *McGore v. Stine*, No. 2:93-cv-00112 (W.D. Mich. July 26, 1993); *McGore v. Stine*, No. 2:93-cv-00077 (W.D. Mich. April 30, 1993). Although the dismissals were entered before the

PLRA's enactment in 1996, the dismissals nevertheless count as strikes. *See Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir.1998). In addition, Plaintiff has previously been denied leave to proceed *in forma pauperis* for having three strikes. *See, e.g.*, *McGore v. Rich*, No. 1:09-cv-00395 (W.D. Mich. July 6, 2009); *McGore v. McKee*, No. 1:04-cv-00421 (W.D. Mich. Aug. 11, 2004); *McGore v. Gundy*, No. 1:00-cv-00155 (W.D. Mich. March 15, 2000).

Consequently, Plaintiff is a "three-striker" who cannot proceed without prepayment of the filing fee in this case unless he can demonstrate that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To fall within this statutory exception to the three-strikes rule, a prisoner must allege that the threat or prison condition is "real and proximate" and that the danger of serious physical injury exists at the time the complaint is filed. *See Rittner v. Kinder*, 290 Fed. Appx. 796, 797-98 (6th Cir. 2008) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc)). A prisoner's assertion that he faced danger in the past is insufficient to invoke the exception. *Id*. The events giving rise to Plaintiff's complaint, *i.e.*, the alleged failure to change his cell following a fellow inmate's threats in 2007 and the alleged verbal harassment in 2008, do not pose an imminent danger of serious physical injury, particularly given that Plaintiff has been transferred to another prison. Plaintiff has thus failed to show that he falls within the exception to the three-strikes rule.

### III. CONCLUSION

Based upon the foregoing, the Court concludes that Plaintiff has filed more than three previous lawsuits that have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. It also finds that Plaintiff has failed to establish that he is under imminent danger of serious physical injury so as to fall within the exception to the three-strikes provision of

3

28 U.S.C. § 1915(g). Accordingly, the Court **DENIES** Plaintiff's application to proceed without prepayment of fees or costs and **DISMISSES** his complaint pursuant to 28 U.S.C. § 1915(g). This dismissal is without prejudice to the filing of a new complaint with payment of the $350.00 filing fee. The Court notes that any such complaint will be reviewed to determine whether it should be served upon the defendants or summarily dismissed pursuant to 28 U.S.C. § 1915A(b), which requires the Court to dismiss a complaint brought against governmental entities, officers, and employees if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted."

Lastly, the Court concludes that it has properly applied the "three strikes" provision of 28 U.S.C. § 1915(g) such that an appeal from this order would be frivolous and, therefore, cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED**.

        S/Lawrence P. Zatkoff
        LAWRENCE P. ZATKOFF
        UNITED STATES DISTRICT JUDGE

Dated: August 11, 2009

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 11, 2009.

        S/Marie E. Verlinde
        Case Manager
        (810) 984-3290