**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DARRYL MCGORE,

    Plaintiff,

v.                                  Case No. 2:09-CV-13031
                                      Hon. Lawrence P. Zatkoff

OFFICER LUTZ, et al.,

    Defendants.

_____/

**ORDER DENYING MOTION TO AMEND COMPLAINT**

Before the Court is Plaintiff's motion to amend his civil rights complaint brought under 42 U.S.C. § 1983. The Court previously denied him permission to proceed without prepayment of the filing fee and dismissed his complaint without prejudice pursuant to the "three strikes" rule of 28 U.S.C. § 1915(g). The Court also previously denied Plaintiff's motion to vacate and amend judgment, brought pursuant to Fed. R. Civ. P. 59(e).

The non-prejudicial dismissal of this action under 28 U.S.C. § 1915(g) was appropriate. To the extent that Plaintiff seeks reconsideration of the Court's dismissal order, he is not entitled to relief. A motion for reconsideration that presents issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *See Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); *Czajkowski v. Tindall & Assoc., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997). Plaintiff has not met his burden of showing a palpable defect by which the Court has been misled or his burden of showing that a different disposition must result from a correction thereof, as required by Local Rule 7.1(g)(3).

Additionally, Plaintiff's request to amend his civil rights complaint to cure a perceived defect in his initial pleadings must be denied given the Court's dismissal of his complaint. The Court may not permit Plaintiff to amend his complaint to defeat dismissal under the Prison Litigation Reform Act. *See, e.g., Baxter v. Rose*, 305 F.3d 486, 488-89 (6th Cir. 2002) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997)); *see also Wilson v. Reynolds*, 172 F.3d 874, at *1 (6th Cir. 1998) (table opinion) (noting that a district court did not err in dismissing the prisoner plaintiff's complaint without allowing him to amend because "[e]ven if [he] had corrected any deficiencies in his complaint, the district court would still have been required to dismiss the action under § 1915(g) because of his prior frivolous suits"). Plaintiff has not established that he is "under imminent danger of serious physical injury" so as to fall within the exception to the three strikes rule. *See Rittner v. Kinder*, 290 Fed. Appx. 796, 797-98 (6th Cir. 2008) (citing cases).

Accordingly, the Court DENIES Plaintiff's motion to amend. This case is closed. No further pleadings should be filed in this matter.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: September 11, 2009

CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on September 11, 2009.

                                      s/Marie E. Verlinde
                                      Case Manager
                                      (810) 984-3290